# EXHIBIT A

# EXHIBIT A
# (First Amended Complaint)

Electronically Filed
9/28/2021 10:35 AM
Steven D. Grierson
CLERK OF THE COURT

**FAC**
TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
**O'REILLY LAW GROUP, LLC**
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: efile@oreillylawgroup.com

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 386-0000
Facsimile: (702) 385-2604
gillock@gmk-law.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
**SAM & ASH, LLP**
1108 S. Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TERRIE GANDY an individual, | CASE NO.: A-21-840728-C |
| Plaintiff, | DEPT. NO.: 26 |
| vs. | |
| COSTCO WHOLESALE CORPORATION, a Washington foreign corporation, d/b/a COSTCO WHOLESALE; DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive, | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | **ARBITRATION EXEMPTION CLAIMED:** |
| Defendants. | Matter in Controversy Exceeds $50,000 in damages |

**COMES NOW**, Plaintiff, TERRIE GANDY, by and through her counsel of record, O'REILLY LAW GROUP, LLC; GILLOCK & ASSOCIATES; and SAM & ASH, LLP, and hereby files her First Amended Complaint against the above named Defendants, DOE Individuals I

Page 1 of 8

through X, and ROE Corporations and Organizations I through V, inclusive (collectively referred to as "Defendants") as follows (*amendments in BOLD*):

## I.

## **PARTIES**

1. At all times relevant to this case, Ms. Gandy was, and is, a resident of Las Vegas, Nevada.

2. At all times relevant to this case, COSTCO WHOLESALE CORPORATION was, and is, a Washington foreign corporation, doing business as COSTCO WHOLESALE (hereinafter referred to as "Costco"), is licensed to do business in Clark County, Nevada, and is located at 6555 N Decatur Blvd Las Vegas, Nevada 89131, and thereby subject to the laws of the State of Nevada.

3. Plaintiff is without sufficient information to properly name the true names of defendants DOE Individuals I through X and ROE Corporations and Organizations I through V ("Fictitious Defendants"), and Plaintiff reserves the right to amend the complaint to more properly identify the Fictitious Defendants. Each Fictitious Defendant is in some way liable to Plaintiff or claims some right, title, or interest in Costco that is subsequent to or subject to the interests of Plaintiff. Each Fictitious Defendant is in some way liable for damages to Plaintiff due to the ownership interest, agency relationship, or partnership interest with Costco, and/or its owners, managers, supervisors, employers, employees, contractors, or other principals or agents acting for or on behalf of Costco. Each Fictitious Defendant is directly and/or vicariously liable to Plaintiff due to the actual, apparent, implied, or express authority granted to or by such Fictitious Defendant by or to any owner, manager, supervisor, employer, employee, contractor, or other principal or agent acting for or on behalf of Costco, and any of its subsidiaries or parent companies.

/ / /

/ / /

## II.

## JURISDICTION

4. The Court has personal jurisdiction over Costco, as it is a registered and licensed entity doing business within Clark County, Nevada.

5. The Court has subject matter jurisdiction as to this case and controversy as the injury sustained by Ms. Gandy occurred in Clark County, Nevada.

6. Upon information and belief, the Court has jurisdiction over the Fictitious Defendants, as the Fictitious Defendants engaged in business or took actions within the State of Nevada regarding the alleged injuries sufficient to establish personal jurisdiction.

## III.

## VENUE

7. Venue is proper in this judicial district, because the case arises from incidents occurring in this district.

## IV.

## FACTUAL BACKGROUND

**(Allegations Common to All Causes of Action)**

8. On **July 11, 2020**, at 10:10 am, Ms. Gandy was shopping at Costco at 6555 N Decatur Blvd. in Las Vegas Nevada.

9. Ms. Gandy was pushing a shopping cart, proceeding to the laundry detergent aisle when suddenly, she unknowingly stepped into a large puddle of water.

10. The water made the floor incredibly slick and Ms. Gandy slipped and fell to the ground, bashing her left leg into her shopping cart during the fall.

11. There was no wet floor sign present.

12. After Ms. Gandy fell, Costco employees ran to her aid and began wiping the floor with towels.

13. Unfortunately, this subsequent clean-up occurred too late to prevent Ms. Gandy from the fall.

14. Ms. Gandy was in excruciating pain from her left knee down to her ankle for the remainder of the night.

15. For the next couple weeks, Ms. Gandy continued to ice and elevate her leg in hopes that it would help alleviate the pain.

16. Unfortunately the pain and swelling continued, causing Ms. Gandy to seek professional medical treatment.

17. Ms. Gandy complained of knee, ankle, muscle, and bone pain.

18. Ms. Gandy was diagnosed with a contusion on the left lower leg, bruising, and edema to the left ankle.

V.

### FIRST CAUSE OF ACTION

**NEGLIGENCE**
(As to Defendant Costco)

19. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

20. At all times mentioned herein, Defendant knew or in the exercise of reasonable care should have known, that failure to maintain Costco premises was of such a nature that was likely to injure persons walking along the product aisles.

21. Defendant owed Plaintiff the duty of reasonable care to maintain the product aisles of the Costco.

22. Defendant breached its duty by failing to properly maintain the product aisles of the Costco.

23. More specifically, Defendant breached its duty by failing to keep its product aisles free from defects, large spills, and puddles which would constitute a slipping hazard to customers walking.

24. Additionally, Defendant owed a duty to all its customers to warn of hazardous conditions on its property.

25. Defendant breached this duty by failing to warn Plaintiff of the large puddle of water in the aisle.

26. Finally, Defendant had a duty to close the area of the product aisle with the spill of water to prevent its customers from injury by the large puddle of water.

27. Defendant breached its duty by failing to close the area of the aisle where Plaintiff was injured by the large puddle of water.

28. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered past and future general and special damages in excess of $15,000.

29. As a direct and proximate result of Defendant's negligence, Plaintiff has had to retain counsel to prosecute this action and are therefore entitled to collect her reasonable attorneys' fees and costs.

## VI.

### SECOND CAUSE OF ACTION

### NEGLIGENT HIRING AND SUPERVISION
(As to Defendant Costco)

30. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

31. Defendant owed a duty to Plaintiff to employ competent employees and/or agents, adequately trained to maintain its product aisles, or at the very least, close the area to prevent its customers from coming into contact with the large puddle of water.

32. Upon information and belief, Defendant breached its duty to Plaintiff by failing to employ competent employees or agents, adequately trained to maintain Costco's aisles

33. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered past and future general and special damages in excess of $15,000.

34. As a direct and proximate result of Defendant's negligence, Plaintiff has had to retain counsel to prosecute this action and are therefore entitled to collect her reasonable attorneys' fees and costs.

VII.

### THIRD CAUSE OF ACTION

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(As to Defendant Costco)

35. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

36. Defendant and its employees' or agents' negligent acts or omissions injured Ms. Gandy as alleged herein.

37. Ms. Gandy suffered emotional and physical distress from the damages caused by Defendant and its employees' or agents' negligence.

38. Defendant is liable to Ms. Gandy for negligent infliction of emotional distress due to its employees' or agents' negligent acts or omissions.

39. As a result of Defendant's employees' or agents' negligence, Plaintiff has suffered past and future general and special damages in excess of $15,000.

40. As a result of Defendants' employees' or agents' negligence, Plaintiff has had to retain counsel to prosecute this action and are therefore entitled to collect her reasonable attorneys' fees and costs.

## VIII.

## FOURTH CAUSE OF ACTION

### VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
### (As to Defendant Costco)

41. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

42. Defendant's agents and/or employees were acting in the scope of their employment, under Defendant's control, and in furtherance of Defendant's interests at the time their actions, or inaction, caused injury to Ms. Gandy.

43. Defendant is vicariously liable for damages resulting from its agents' and/or employee's negligence committed during the scope of their employment.

44. As a direct and proximate result of the negligent actions or inactions of the employees or agents of Defendant, Plaintiff has suffered the injuries and damages alleged herein and as proven at trial.

45. As a direct and proximate result of the negligent actions or inactions of the employees or agents of Defendant, Plaintiff has suffered past and future general and special damage in excess of $15,000.

46. As a direct and proximate result of the negligent actions or inactions of the employees or agents of Defendant, Plaintiff has had to retain counsel to prosecute this action and is therefore entitled to collect her reasonable attorneys' fees and costs.

///

///

## IX.

## REQUEST FOR RELIEF

Plaintiff respectfully requests this Honorable Court issue an order:

(a) Awarding past and future general damages to Plaintiff for an amount to be determined at trial;

(b) Awarding past and future special damages to Plaintiff for an amount to be determined at trial;

(c) Granting an award of attorneys' fees and costs against Defendants; and

(d) Granting any other just or equitable relief this Court deems proper

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable and does not waive that right.

DATED: September 28, 2021             **O'REILLY LAW GROUP, LLC**

By: _/s/ Timothy R. O'Reilly_
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Plaintiff